IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIKYYA KORNEGAY, | No. 4:24-CV-01800 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| HARTFORD FIRE INSURANCE COMPANY, | |
| Defendant. | |

MEMORANDUM OPINION

MARCH 24, 2025

Now pending before the Court is Defendant Hartford Fire Insurance Company's ("Hartford") motion to strike and for a more definite statement pursuant to Federal Rules of Civil Procedure 12(e) and (f). For the following reasons, the motion is granted in part and denied in part.

I.   BACKGROUND

On November 18, 2022, Plaintiff Nikyya Kornegay was driving on Log Run Road in Loyalsock Township, Lycoming County, Pennsylvania, when Ashley Lynch, driving a vehicle owned by Robert Miller, struck her head-on.[1] Kornegay alleges that Lynch was driving negligently.[2] Kornegay sustained injuries in the crash

---

1   Doc. 1 (Compl.) ¶¶ 1, 5, 14; Doc. 14 (Opp'n) at 13. Neither Ashley Lynch nor Robert Miller is identified in the Complaint.
2   Doc. 1 ¶¶ 14-17.

and alleges that she suffered and continues to suffer pain, discomfort, medical expenses, and loss of earnings.[3]

At the "time and place" of the accident, Kornegay was driving a box truck "in the course and scope of her employment,"[4] and she claims that she was insured by Hartford.[5] The purported insurance policy included coverage for "injuries arising from a motor vehicle accident involving an uninsured motor vehicle and/or operator."[6] According to Kornegay, neither Lynch nor Miller's vehicle was insured.[7]

Following the accident, Kornegay filed a claim for uninsured motorist benefits with Hartford.[8] It is unclear how Hartford responded. Kornegay does not allege that her claim was denied—in fact, she does not allege any details about Hartford's response at all. It is easily inferred that Hartford has not paid the claim (at least not in full), but Kornegay variously alleges that it did so by failing to "adjust," "properly adjust," "timely adjust," "objectively evaluate," "fairly evaluate" "timely evaluate," "reasonably investigate," "fairly negotiate," and "timely negotiate" her claims.[9]

Whatever the reason for nonpayment, Kornegay felt that Hartford was wrong. She filed suit against Hartford in this Court on October 18, 2024.[10] Her complaint

---

[3] *Id.* ¶¶ 17-26.
[4] Doc. 14-1 (Opp'n Exs.) at 10; Doc. 14 at 14.
[5] Doc. 1 ¶ 8.
[6] *Id.* ¶¶ 9-10, 29.
[7] *Id.* ¶¶ 6-7.
[8] *Id.* ¶¶ 30-31.
[9] *Id.* ¶ 38.
[10] Doc. 1.

lists two Counts. Count I, titled "Plaintiff vs. Defendant," is subtitled "Facts Common to All Counts" and does not clearly identify any cause of action.[11] The Count extensively discusses Lynch's negligence, but Lynch is not a defendant.[12] The allegations as to Hartford are minimal and pertain only to the existence of a policy covering Kornegay and offering uninsured motorist benefits.[13] Nevertheless, Kornegay demands a judgment "in excess of . . . $75,000" "against defendant" on Count I.[14] Count II is also titled "Plaintiff vs. Defendant," but its subtitle is more helpful: "Uninsured Motorist Claim."[15] In that Count, Kornegay alleges that she submitted a claim to Hartford for uninsured motorist benefits and that Hartford has breached its contractual obligations related to that claim.[16] She again demands a judgment "in excess of . . . $75,000" "against defendant."[17]

Hartford was confused by the format of Kornegay's complaint. On November 25, 2024, it filed a three-tiered motion arguing for dismissal of the complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), to strike allegations related to Lynch's negligence as immaterial under Rule 12(f), and for a more definite statement of the allegations about its breach of contract under

---

[11] *Id.* at 1-5.
[12] *Id.* at 2-5.
[13] *Id.*
[14] *Id.* at 5.
[15] *Id.*
[16] *Id.* at 6-7.
[17] *Id.* at 7.

Rule 12(e).[18] Hartford agreed to waive service on November 26, 2024, and Kornegay perfected service on December 3, 2024,[19] so the parties agree that the Rule 12(b)(5) issue can therefore be denied as moot.[20]

## II.  LEGAL STANDARDS

### A.  Motion to Strike

Rule 12(f) permits the Court, on motion or sua sponte, to "strike from a pleading . . . redundant, immaterial, impertinent, or scandalous matter."[21] Motions to strike are employed to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."[22] Despite their seemingly administrative nature, motions to strike are "are not favored."[23] They are not a means for litigating "disputed questions of law," nor should they be used to "procure the dismissal of all or part of a complaint."[24] Accordingly, "[t]he standard for striking under Rule 12(f) is strict."[25] When a party moves to strike pleadings as irrelevant or immaterial, it bears the burden of demonstrating "that the allegations being

---

[18] Doc. 6 (Mot.).
[19] Doc. 14-1 at 18, 20.
[20] Doc. 14 at 14; Doc. 15 (Reply) at 2.
[21] Fed. R. Civ. P. 12(f).
[22] *Roamingwood Sewer & Water Ass'n v. Nat'l Diversified Sales, Inc.*, 509 F. Supp. 3d 198, 204 (M.D. Pa. 2020) (quoting *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012)).
[23] *In re Ry. Indus. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 495-96 (W.D. Pa. 2019) (quoting *Miller v. Grp. Voyagers, Inc.*, 912 F. Supp. 164, 168 (E.D. Pa. 1996)).
[24] *Roamingwood*, 509 F. Supp. 3d at 204 (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) and quoting *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. 2013)).
[25] *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chi. Title Ins. Co.*, No. 03-CV-2292, 2004 WL 228672, at *6 (E.D. Pa. Feb. 4, 2004)).

challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial."[26] Ultimately, whether to strike matters from the pleadings is left to the Court's discretion.[27]

### B.   Motion for More Definite Statement

Sometimes, a pleading is so "vague or ambiguous" that the opposing party "cannot reasonably prepare a response."[28] When that happens, Rule 12(e) permits a party to move for a more definite statement. That motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."[29] Whether to grant a motion for a more definite statement is "committed to the discretion of the district court."[30] At the same time, such motions, like motions to strike, are generally disfavored.[31] They should be used to "provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail."[32]

---

[26] *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015) (citing *River Rd. Dev. Corp. v. Carlson Corp.-Ne.*, No. 89-CV-7037, 1990 WL 69085, at *7 (E.D. Pa. May 23, 1990)); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2024 update).

[27] *Snider ex rel. Goldhirsh v. State Farm Fire & Cas. Co.*, 644 F. Supp. 3d 141, 147 (E.D. Pa. 2022) (quoting *Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 615 (E.D. Pa. 2015)).

[28] Fed. R. Civ. P. 12(e).

[29] *Id.*

[30] *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008) (citing *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003)).

[31] *Synagro-WWT, Inc. v. Rush Twp., Pa.*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2002).

[32] *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (quoting *Frazier v. SEPTA*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)).

## III. DISCUSSION

### A. Motion to Strike

Hartford asks the Court to strike Kornegay's allegations that Lynch drove negligently.[33] It argues that the issues in this case center on "whether the Plaintiff is an uninsured motorist and the nature and extent of her injuries," and that Lynch's negligence is irrelevant.[34] In opposition, Kornegay argues that "the negligence of the uninsured motorist/tortfeasor . . . is a prerequisite to [her] [uninsured motorist] claim."[35]

Under Pennsylvania law, motor vehicle liability insurance policies must include an option for uninsured motorist coverage.[36] That coverage "provide[s] protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles."[37] Without considering whether any changes were made to the actual policy in this case, a policy tracking the relevant provision of Pennsylvania law thus requires an insured seeking uninsured motorist benefits to

---

[33] Doc. 10 (Mot. Brief) at 4-9.
[34] *Id.* at 8.
[35] Doc. 14 at 17 (citing 75 Pa. Cons. Stat. § 1731(b)).
[36] 75 Pa. Cons. Stat. § 1731(a).
[37] *Id.* § 1731(b); *see Lewis v. Erie Ins. Exch.*, 793 A.2d 143, 149-51 (Pa. 2002) (discussing the history of Pennsylvania's uninsured motorist coverage requirement).

6

show that she is "legally entitled to recover damages" for her injury from the "owner[] or operator[] of [the] uninsured motor vehicle[]" which injured her.[38]

Kornegay's allegations that Lynch was negligent clearly relate to the requirement that the insured have a legal entitlement to recover damages from the uninsured.[39] Although the paragraphs relating to Lynch's negligence and Kornegay's injuries arising therefrom are somewhat redundant and not written in the simplest terms, they are not excessively confusing and do not prejudice Hartford in any way. Hartford's motion to strike is denied.[40]

Nevertheless, the Court notes that Kornegay's "Count I" label and demand for relief are not premised on any cause of action and barely reference the only

---

[38] 75 Pa. Cons. Stat. § 1731(b); *see Lewis*, 793 A.2d at 150 ("Under the [uninsured motorist] Act, a motor vehicle liability policy issued in Pennsylvania and covering any vehicle registered or principally garaged in the Commonwealth was required to include coverage for the protection of persons insured under the policy who become legally entitled to recover damages from the owners or operators of uninsured vehicles."); *Goodville Mut. Cas. Co. v. McNear*, __ A.3d __, 2025 WL 615102, at *1 n.2 (Pa. 2025) (explaining that coverage pursuant to section 1731(c)'s "underinsured" motorist provision—which uses language identical to section 1731(b)'s uninsured motorist provision—includes "benefits to those injured by a tortfeasor who lacks adequate insurance"); *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 228 n.12 (E.D. Pa. 2019) ("Uninsured motorist coverage applies when an insured suffers injury or damage caused by a third-party tortfeasor who is uninsured." (quoting *Gallagher v. GEICO Indem. Co.*, 201 A.3d 131, 132 n.1 (Pa. 2019))).

[39] Hartford's contention that the primary issue in this case is "whether Plaintiff is an uninsured motorist" is perplexing. It may plan to argue that Kornegay is not covered by its policy, and it will obviously prevail if that is true. But that is a basic prerequisite to bringing any claim for insurance coverage. Assuming the truth of Kornegay's allegation that she is covered, *see* Doc. 1 ¶ 8, she then has to show her entitlement to uninsured motorist benefits by establishing that she meets the requirements therefor. Moreover, Hartford's use of the "uninsured motorist" term of art to refer to the individual seeking coverage, as opposed to the tortfeasor who caused the injury, suggests a substantial misunderstanding of uninsured motorist coverage as a whole.

[40] To the extent that Hartford does not believe there is any dispute regarding Lynch's negligence, it is free to simplify the issues by admitting the relevant allegations in its answer.

defendant in this case. Accordingly, the Court exercises its discretion to clean up the pleadings by striking those specific non-numbered paragraphs as impertinent.

### B. Motion for a More Definite Statement

Hartford argues that Kornegay's allegations regarding the ways in which it breached the policy are too vague for a reasonable response.[41] Kornegay responds that she has provided a list of specific violations of Hartford's contractual duties, which she contends is sufficient.[42]

The standard for pleading a breach of contract claim is not high. A plaintiff must show "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages."[43] With regard to breach—the element at issue here—"a plaintiff must allege facts establishing a violation of a contractual duty."[44]

Kornegay alleges that Hartford owed the standard duties of an insurer including to act in good faith to investigate, adjust, and pay out legitimate claims.[45] And she alleges that Hartford breached those duties.[46] But she does not allege any

---

[41] Doc. 10 at 9-10.
[42] Doc. 14 at 18-19.
[43] *DelphX Corp. v. Fondren*, 600 F. Supp. 3d 540, 547-48 (E.D. Pa. 2022) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (2016)).
[44] *McPartland v. Chase Manhattan Bank USA, N.A.*, No. 22-CV-0284, 2022 WL 1810979, at *2 (M.D. Pa. June 2, 2022) (citing *Hart v. Univ. of Scranton*, 838 F. Supp. 2d 324, 327-28 (M.D. Pa. 2011)).
[45] Doc. 1 ¶¶ 29, 35-37.
[46] *Id.* ¶ 38.

facts to support her contentions of breach. Kornegay does not state whether her claim was denied, remains pending, or was partially paid following an adjustment with which she disagrees. She does not explain whether Hartford ever evaluated, investigated, adjusted, or negotiated her claim, much less provide any reasons why, if it did any of those, its conduct was improper, untimely, biased, unfair, or unreasonable. Individually pleading every conceivable type of contractual breach without facts to support any of them is equivalent to stating that the defendant breached with no additional detail.[47] That certainly approaches a legal conclusion which does not state a claim in the absence of "further factual enhancement."[48]

    Kornegay's complaint may struggle to state a claim as written, and the Court could consider dismissing on that basis.[49] But based on the facts that *are* alleged and the existence of this controversy, from which it is easily inferred that Kornegay believes her uninsured motorist claim was improperly resolved in *some* manner, it appears that she likely can state a claim if she provides a bit more detail about her interactions with Hartford. Given Hartford's decision to employ Rule 12(e) rather than 12(b)(6), it seems most prudent to use my discretion to grant the motion and

---

[47] *See BullsEye Telecom, Inc. v. Broadsoft, Inc.*, No. 18-CV-10195, 2018 WL 3631586, at *2 (E.D. Mich. July 31, 2018) ("[T]he Amended Complaint simply alleges that BroadSoft 'has breached its agreement with BullsEye.' This is conclusory.").
[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).
[49] *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2024 update) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated."); *cf.* Doc. 15 at 9-11 (supporting 12(e) motion using 12(b)(6) precedent).

allow Kornegay to revise her complaint.[50] Kornegay should also use this opportunity to add relevant facts noted in her briefing that were not included in the original complaint, such as the identities and relevance of Ashley Lynch and Robert Miller and that her employer owned the vehicle in which she was injured (and whether or not the Hartford policy was employer-owned).[51] To the extent these edits will manifest in the filing of an amended complaint, leave to amend is granted.[52]

## IV.   CONCLUSION

For the above-stated reasons, Hartford's motion to strike is denied and its motion for a more definite statement is granted. The Court exercises its discretion to strike references to the nonexistent Count I. Leave to file an amended complaint is granted. Kornegay shall file an amended complaint within 14 days of this Memorandum and accompanying Order.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[50] *See Stoneback v. ArtsQuest*, No. 12-CV-3286, 2012 WL 4963624, at *11 (E.D. Pa. Oct. 17, 2012) (granting Rule 12(e) motion when complaint lacked sufficient detail to survive dismissal "to avoid the perfunctory dismissal of this cause of action with leave to file an amended complaint at a later date").
[51] Doc. 14 at 14.
[52] Fed. R. Civ. P. 15(a)(2).